UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TAMARA K. WEST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:15-cv-00821-TWP-TAB |
| ) | |
| INDIANAPOLIS PUBLIC TRANSPORTATION ) | |
| CORPORATION (INDYGO) – MV TRANSIT, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING LEAVE TO FILE AMENDED COMPLAINT**

This matter is before the Court on Plaintiff Tamara K. West's ("West") Motion for Leave to File Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a) (Filing No. 22). West, a *pro se* litigant, initiated this action, asserting various employment discrimination and sexual harassment claims against Defendants Indianapolis Public Transportation Corporation ("IPTC"), Billy Grice, Jaime Nieves, Amy Hockman, and Paula Haskin. IPTC moved to dismiss West's Complaint based on her failure to state a claim upon which relief can be granted because she named the incorrect entity as the defendant, as IPTC was never West's employer. West now seeks leave to amend her Complaint to remove IPTC as the defendant and to add MV Transportation Inc. as the appropriate defendant in this action. For the following reasons, the Court **GRANTS** the Motion for Leave to File Amended Complaint.

### I.     LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(1) allows a party to amend its pleading once as a matter of course within twenty-one days after serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b)." After a responsive pleading has been filed and twenty-one

days have passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). The rule, however, "do[es] not mandate that leave be granted in every case. In particular, a district court may deny a plaintiff leave to amend his complaint if there is undue delay, bad faith[,] or dilatory motive . . . [, or] undue prejudice . . . , [or] futility of amendment." *Park v. City of Chicago*, 297 F.3d 606, 612 (7th Cir. 2002) (citation and quotation marks omitted). "Whether to grant or deny leave to amend is within the district court's discretion." *Campbell v. Ingersoll Milling Machine Co.*, 893 F.2d 925, 927 (7th Cir. 1990). Additionally, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## II. BACKGROUND

Plaintiff Tamara West was hired by MV Transportation on March 17, 2008. During her training period, the MV Transportation safety supervisor called West into his office and told her that he previously was in a sexual relationship with a woman like her, and he wanted to engage in sexual conduct with her. West asked him to stop his sexual statements and advances.

West then informed her general manager of what had occurred with the safety supervisor. The general manager at MV Transportation told West that she should not say anything about the incident because it is hard for an older Black woman in the workforce and that she should consider doing whatever it takes to keep her job (Filing No. 1 at 5). West asserts that these statements and conduct were clear acts of sex discrimination, age discrimination, and sexual harassment by her employer. West alleges another incident in which she received two points (a disciplinary action)

for a minor accident, and a younger female MV Transportation employee received no points for a medium accident because she had submitted to the safety supervisor's sexual advances.

West alleges that her shifts were shortened as punishment for her opposition to and reporting of the sexual harassment and she asserts that she experienced emotional distress from the actions of her employer and supervisors. West was terminated from her employment with MV Transportation on December 18, 2013. West alleges that her termination was a direct result of her being a "whistle blower" for the various instances of sexual misconduct by her employer. She filed an EEOC Charge and then filed this lawsuit, asserting claims for sexual harassment, employment discrimination, age discrimination, tortious interference, and civil and employment violations.

### III.   DISCUSSION

West filed her Complaint against "Indianapolis Public Transportation Corporation (IndyGo)–MV Transit" on May 26, 2015. On October 26, 2015, IPTC responded to the Complaint by filing its Motion to Dismiss ([Filing No. 17](Filing No. 17)). The sole issue raised in IPTC's Motion to Dismiss is that it was never West's employer and the allegations concern West's employment at MV Transportation, and thus, IPTC was improperly named as a defendant. On January 6, 2016, West requested leave to amend her Complaint ([Filing No. 22](Filing No. 22)). In her Motion for Leave, West explains that she is seeking leave to amend her Complaint to correct the named defendant to be MV Transportation, her former employer. Her proposed Amended Complaint removes IPTC as a defendant in this litigation and adds MV Transportation as the appropriate defendant.

Upon review of the record, the Court determines that there is no undue delay, bad faith, dilatory motive, undue prejudice, or futility of amendment. West's Motion for Leave was filed less than one year after the original Complaint was filed. Very little activity has occurred in the

litigation. It appears that IPTC has not had to engage in any discovery and has not had to spend time preparing a case management plan. No case management plan has been established in this matter. The original Complaint identifies MV Transportation as the employer and various employees and their positions at MV Transportation, indicating that the action should be against MV Transportation. The facts allege that the events took place when West was undergoing training at MV Transportation, and the individuals that interacted with her were employees of MV Transportation. Amending the Complaint would not be futile because it would name the appropriate defendant to the action.

The Court determines that justice requires allowing leave to amend the Complaint in this case because it would remedy the problem created by the misidentification of the defendant, and there is no undue delay, bad faith, dilatory motive, undue prejudice, or futility of amendment. Allowing the amendment also would resolve the sole issue raised by IPTC in its Motion to Dismiss. West is a *pro se* plaintiff, so her pleading is held to a less stringent standard than pleadings filed by attorneys.

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Tamara K. West's Motion for Leave to File Amended Complaint (Filing No. 22). West is **ORDERED** to re-file her Amended Complaint, submitted at Filing No. 22-2, after she has added the appropriate case caption at the beginning of the Amended Complaint, which should identify the parties, this Court, and the case number, within **thirty (30) days of the date of this Order**. West is further **ORDERED** to effectuate service of a summons and the Amended Complaint on the defendants.

Additionally, the Court **DENIES as moot** the Motion to Dismiss filed by IPTC (Filing No. 17) because the Amended Complaint resolves the issue raised in that motion by removing IPTC

as a defendant. Thus, Indianapolis Public Transportation Corporation is **DISMISSED with prejudice** as a defendant in this case.

　　　　**SO ORDERED.**

Date: 4/1/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Tamara K. West
2182 Rosswood Blvd.
Indianapolis, Indiana  46229

Jan S. Michelsen
OGLETREE, DEAKINS, NASH, SMOAK & STEWART PC
jan.michelsen@odnss.com